**FILED**

**April 17, 2018**

**IN COURT OF WORKERS' COMPENSATION CLAIMS**

**Time: 1:45 P.M. EASTERN**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| **JEFFREY BREWER,** | )    **Docket No. 2015-02-0451** |
|      **Employee,** | ) |
| **v.** | ) |
| **G.UB.MK CONSTRUCTORS,** | )    **State File No. 91751-2015** |
|      **Employer,** | ) |
| **And** | ) |
| **ZURICH NORTH AMERICA,** | )    **Judge Lisa A. Lowe** |
|      **Carrier.** | ) |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

This matter came before the Court on G.UB.MK Constructors' Motion for Summary Judgment, Memorandum of Law, and Statement of Undisputed facts filed on February 12, 2018. Mr. Brewer filed a response on March 28, and G.UB.MK replied on April 4. The Court heard oral argument on April 3.

The determinative legal issues are whether this Court has subject matter jurisdiction and whether G.UB.MK demonstrated that Mr. Brewer's proof is insufficient to establish: (1) his alleged occupational exposure conditions arose primarily out of and in the course and scope of his employment; and (2) he suffered any partial or total incapacity from working.

*Procedural History*

Mr. Brewer alleges occupational exposure due to coal fly ash and filed suit in Roane County Chancery Court claiming that court had jurisdiction because his injury occurred prior to July 1, 2014. G.UB.MK filed a Petition for Benefit Determination on November 18, 2015, claiming jurisdiction lies with the Court of Workers' Compensation Claims since Mr. Brewer's last exposure occurred after July 1, 2014 and he was not partially or totally incapacitated prior to that time. The mediating specialist issued the Dispute Certification Notice on January 14, 2016. G.UB.MK filed a Motion for Summary Judgment in the Chancery Court case and purportedly the Chancery Court has

1

yet to issue its ruling.

The parties participated in numerous status conferences and a scheduling hearing before this Court. When addressing discovery issues, the Court ordered Mr. Brewer to identify all expert witnesses on which he intended to rely by November 17, 2017, and set the Compensation Hearing for May 22, 2018. When Mr. Brewer failed to identify his expert witnesses by that deadline, G.UB.MK filed a motion to compel discovery and the Court ordered Mr. Brewer to provide his discovery responses and identify his expert witnesses by February 2, 2018, but Mr. Brewer failed to do so. The Court found that Mr. Brewer never filed an original response to discovery requests and failed to provide any justification for his failure to comply with this Court's prior orders. He also failed to identify *any* expert witnesses, a mere two months prior to the Compensation Hearing. As a result, the Court granted G.UB.MK's motion for sanctions and precluded Mr. Brewer from presenting expert evidence at the Compensation Hearing.

*Pending Motion for Summary Judgment*

G.UB.MK moved for summary judgment as a matter of law, asserting Mr. Brewer cannot establish his alleged occupational conditions arose primarily out of and in the course and scope of his employment. In support of its motion, it asserted that since the Court precluded Mr. Brewer from presenting expert proof, he cannot establish that his alleged injury arose primarily out of and in the course and scope of employment. In fact, Mr. Brewer, in response to Request for Admissions, admitted that no physician has opined that his employment has contributed more than 50% in causing his alleged injuries considering all causes.

Additionally, G.UB.MK noted that Mr. Brewer participated in multiple hearings before this Court and never raised the issue of jurisdiction until faced with a motion for summary judgment. It cited *Shuler v. Eastman,* No. E2016-02292-SC-R3-WC, 2017 Tenn. LEXIS 721, at *8 (Tenn. Workers' Comp. Panel Nov. 17, 2017) (internal citations omitted), for support of this Court's jurisdiction because, "the applicable statute in cases involving occupational diseases is that in effect on the date on which the employee becomes disabled as a result of the disease, rather than that in effect on the date on which he was last exposed to the agent causing the disease."

Applying *Shuler,* G.UB.MK asserted Mr. Brewer has not become disabled as a result of his alleged occupational disease. It included in its Statement of Material Facts that: Mr. Brewer is and has been a commercial truck driver; no physician has restricted Mr. Brewer from working; and Mr. Brewer has never been taken off work or been incapacitated from working as result of his alleged occupational exposures or illnesses. As such, it argued Mr. Brewer's claim is not ripe at this time and nothing would preclude him from filing an action in the future should he become partially or totally incapacitated at a later date.

2

In opposition to the summary judgment motion, Mr. Brewer asserted a genuine issue of material fact exists as to the issue of causation. He relied on Dr. Wallace's C-32 report and the affidavits of Drs. Cox and Rea. While Mr. Brewer attached Dr. Wallace's C-32 to his response, he failed to provide affidavits from Drs. Cox and Rea. Additionally, although he did not identify Dr. Wallace as an expert witness by the Court-ordered deadline, he argued that G.UB.MK had Dr. Wallace's C-32 at a prior Benefit Review Conference. In the C-32, Dr. Wallace checked "yes" to the question, "Considering the nature of employee's occupation and medical history along with diagnosis and treatment, does this injury more probably than not arise out of the employee's employment." Mr. Brewer argued Dr. Wallace's opinion supports causation.

As to jurisdiction, Mr. Brewer argued this Court lacks jurisdiction over this claim because his exposure occurred in 2013 and he reported his injury at that time. He asserted that the "happening" of the event triggers the date of injury and the "happening" occurred in 2013, which means this Court lacks jurisdiction.

*Legal Principles and Analysis*

Tennessee Code Annotated section 20-16-101 (2017) and the Tennessee Rules of Civil Procedure (2017) provide the summary judgment standards. Specifically, Rule 56.06 provides that if a motion for summary judgment is properly made and supported, "an adverse party may not rest on mere allegations or denials of the adverse party's pleadings, but his or her response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." Moreover, "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." *Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016).

Moreover, G.UB.MK, as the moving party who does not bear the burden of proof at trial, shall prevail on its motion for summary judgment if it: "(1) submits affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Tenn. Code Ann. § 20-16-101.

In response, Mr. Brewer, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.* (emphasis added).

3

Applying these standards, the Court considers Tennessee Code Annotated section 50-6-303(a)(1), which governs occupational diseases and provides in pertinent part:

> When the employee and employer are subject to this chapter, the *partial or total incapacity for work* or the death of an employee resulting from an occupational disease. . . *shall be treated as the happening of an injury* by accident or death by accident, and the employee, or in case of the employee's death, the employee's dependents, shall be entitled to compensation as provided in this chapter. (Emphasis added.)

Considering section 50-6-303(a)(1), the Court finds the *Shuler* case instructional. Mr. Shuler retired in 1999 and was diagnosed with bladder cancer in 2015, which allegedly resulted from exposure to toxic chemicals during his employment. Mr. Shuler argued his injury occurred in 1999 and he filed suit in circuit court. His employer filed a motion to dismiss, asserting the Court of Workers' Compensation Claims had exclusive jurisdiction. The circuit court granted the motions, dismissed Mr. Shuler's claim, and he appealed. The Panel affirmed the dismissal, holding Mr. Shuler became disabled from working at the time of his diagnosis in December 2015, and as such his injury occurred after July 1, 2014 and Tennessee Code Annotated section 50-6-237 applied. The Court also noted the following:

> The applicable statute in cases involving occupational diseases is that in effect on the date on which the employee becomes disabled as a result of the disease, rather than that in effect on the date on which he was last exposed to the agent causing the disease.
> . . .the statute of limitations for filing a claim based on an occupational disease is not triggered without first an incapacity for work; and second either actual or constructive knowledge an occupational disease is the cause of the incapacity for work. *Id.* at *8.

Applying these principles, the Court holds that it has proper jurisdiction over this case. Although Mr. Brewer reported his injury in 2013, his last exposure occurred on August 29, 2014, and the statute in effect at the time he becomes disabled will be controlling. However, Mr. Brewer failed to establish partial or total incapacity from working. Mr. Brewer did not refute G.UB.MK's statement of undisputed facts that he continues to work as a full-time commercial truck driver and that no physician has restricted him from work as a result of his alleged occupational illness. As a result, the Court agrees with G.UB.MK that Mr. Brewer's claim is not ripe at this time.

Even if Mr. Brewer's claim were ripe, he lacks sufficient evidence to establish causation. Dr. Wallace's C-32 is the only medical proof Mr. Brewer offered in response to the summary judgment motion. Mr. Brewer failed to identify Dr. Wallace, or any expert witnesses for that matter, by the Court-ordered deadline. As a result, the Court

4

previously precluded Mr. Brewer from presenting expert proof at the Compensation Hearing, which makes Dr. Wallace's C-32 inadmissible.

However, had the Court considered Dr. Wallace's C-32, it fails to establish causation. Dr. Wallace completed the C-32 section related to injuries prior to July 1, 2014, and marked "yes" to the question, "Considering the nature of employee's occupation and medical history along with diagnosis and treatment, does this injury more probably than not arise out of the employee's employment." Having found this Court has jurisdiction, Dr. Wallace's opinion fails to meet the required statutory burden that Mr. Brewer's employment with G.UB.MK contributed more than fifty percent in causing his alleged injury, considering all causes. *See* Tenn. Code Ann. 50-6-102(14). Under the section related to injuries on or after July 1, 2014, Dr. Wallace left blank the question, "Considering employee's medical history, diagnosis and treatment, and all other available information regarding the onset and causes of employee's injury, is it more likely than not, as opposed to speculation or possibility, that employee's injury arises primarily out of and in the course and scope of employment.

Accordingly, the Court grants G.UB.MK's Motion for Summary Judgment. Since Mr. Brewer has yet to become partially or totally incapacitated from working from his alleged occupational exposure, the Court dismisses the case without prejudice. Nothing in this order shall preclude Mr. Brewer from making an occupational disease claim should he become partially or totally incapacitated from working at a later date.

The Court taxes the filing fee of $150.00 to G.UB.MK under Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07 (2017), to be paid within five business days of the entry of this Order. In addition, G.UB.MK shall prepare and submit an SD-1 form within ten business days of the date of this order.

**IT IS SO ORDERED.**

**ENTERED April 17, 2018.**

_____
**LISA A. LOWE, JUDGE**
**Court of Workers' Compensation Claims**

5

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order Granting Summary Judgment was sent to the following recipients by the following methods of service on April 17, 2018.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|------|------|------|------|
| James K. Scott, Employee's Counsel | | | X | jimscott264@gmail.com |
| Karen Crutchfield, Employer's Counsel | | | X | kcrutchfield@wimberlylawson.com |

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

6